O

JS-3

# United States District Court
# Central District of California

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA<br><br>Plaintiffs,<br><br>v.<br><br>KEVIN LEWIS WALKER,<br><br>Defendant. | Case № ED CR 25-00163-ODW<br><br>**ORDER STRIKING NOTICE OF REMOVAL FROM RIVERSIDE SUPERIOR COURT AND SUMMARY REMAND** |

## I.  INTRODUCTION

It appears that on December 31, 2024, Walker was the subject of a traffic stop during which he refused to produce his driver's license upon request.  He was arrested for violation of "California Vehicle Code section 12951(a).  A citation was issued and he gave his written promise to appear in court on March 14, 2025. On March 25, 2025 he received the misdemeanor complaint which forms the basis of this removal action.  His arraignment was set for April 11, 2025. It appears he failed to appear in court and a misdemeanor warrant was issued out of Riverside Superior Court for his arrest.  On May 12, 2025 Walker filed the instant Notice of Removal of this criminal action to federal court.  In actuality he filed a lot more.

**A.     The Notice of Removal Was Filed Too Late**

Among the procedures for removing a case pending in state court to federal court is the issue of timing. There is a 30-day window applicable to removal of both civil and criminal matters to federal court. Here the Notice of Removal was filed May 12, 2025, not within 30 days of the arraignment date of April 11, 2025. It was therefore too late and ineffective.

28 USC 1455 provides:

*(b) Requirements.--(1) A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the court may permit a later filing. There is no evidence this matter went to trial in state court so the operative date is the scheduled arraignment date. And applying the date set for Walker's arraignment as the date Walker was placed on notice of the existence of the case and placed on notice of the grounds for removal.*

**B.     There has been a flagrant violation of Rule 8**

The second basis for rejecting the removal is Rule 8 of the General Rules of Pleading which provides in part:

(a) A pleading that states a claim for relief must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support:

(2) a short; and and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief sought.

In this case the general rules of pleading have been ignored to a shocking

degree.  There is not even a pretense of complying with Rule 8.  The statements in this pleading are neither short nor plain.  Indeed, the pleading is so congested with completely irrelevant data it is unclear that a basis for relief is stated nor is it clear precisely what relief is being sought or upon what legal ground he feels he is entitled to relief.  For example, Walker provides evidence related to the cancellation of a franchise.  What franchise and how this is relevant to this minor criminal matter is unclear. Likewise, the discussion of revocation, cancellation and termination of a commercial driver's license contract, Exh H, is a mystery. Indeed there are circumstances which can result in suspension or revocation of driving privileges  (See for example, vehicular manslaughter, *Johnson v. DMV,* 222 Cal.App3d 695 (1990); multiple convictions for driving under the influence during a ten year period, *Brieton v. DMV* 140 Cal.App.4th 427 (2006); refusal to submit to a blood alcohol test upon arrest for suspected driving under the influence, under California's Implied Consent Law, Veh Code § 13353, *Espinoza v. Shiomoto*, 10 Cal.App.5th 85 (2017).)  However, Walker does not allege that his conduct in this case could or did trigger a revocation or suspension of his driving privileges. Needlessly, there are many documents styled Affidavit and Plain Statement of Facts.  In one such instance there is no case number, no court, allegations of over a dozen crimes charged against members of the Riverside County Sheriff's Department, apparently by Mr. Walker instead of a prosecution authority.

     Given the differently styled motions the Court is at a loss to fathom precisely what is being sought and why he is entitled to the relief demanded.  For example, the following are the separate documents filed in connection with the notice of removal:

1. Notice of motion and verified motion and demand to dismiss void *ab initio* action for lack of jurisdiction, absence of lawful plaintiff, no justiciable

claim, simulated legal process, fraud on the court and demand for final equitable relief;

2. Verified judicial notice of unrebutted affidavits and supporting records in equity;

3. Notice of affidavit and verified affidavit of fact in support of verified motion and demand to dismiss void ab *initio* action for lack of jurisdiction, absence of lawful plaintiff, no justiciable claim, simulated legal process, fraud on the court, and demand for final equitable relief;

4. Verified notice of motion, and verified motion and demand to dismiss void *ab initio* proceedings, strike fraudulent plaintiff substitution, demand for constitutional and equitable relief, and motion for sanctions for fraud on the court;

5. Verified notice of filing verified affidavit of material facts regarding fraud, color of law violations, injury, trauma and constitutional deprivations;

6. Verified judicial notice of known jurisdictional fraud and simulated legal process executed under color of law;

7. Memorandum of points and authorities in support of verified notice and motion to dismiss void *ab initio* proceedings, strike fraudulent plaintiff substitution and demand for constitutional and equitable relief;

8. Verified affidavit of material facts regarding fraud, color of law violations, injury, trauma, and constitutional deprivations;

9. Verified notice of filing exhibits and evidence establishing fraud by purported plaintiff, commercial dishonor, lack of standing, lack of subject matter jurisdiction, absence of a real party in interest, absence of corpus delicti and absence of a valid contract; This document spans 232 pages including Exhibits A through J.

Buried within repeated references to the Uniform Commercial Code ("UCC") are mentions of an offer made and accepted from which one may speculate Walker

1 has reached a settlement of some sort with Riverside County. He mentions the figure
2 of **one trillion dollars.** The Court does not think for a minute that Riverside paid any
3 sum to compensate Walker or anyone else, for being cited and/or arrested for refusal
4 to present a driver's license upon request.

5 The papers are confusing and over-burdened with disjointed references to legal
6 principles with little or no applicability to this matter. For example, everything is
7 "verified" which is unnecessary since Section 1455 requires that "a notice of removal
8 [be] signed pursuant to Rule 11 of the Federal Rules of Civil Procedure."

9 The Court agrees with one request made at the outset on page 1 of 17 line 27
10 where he states his demand "that this action be dismissed with prejudice" but on
11 grounds which differ from the rationale stated by Mr. Walker. Specifically, there are
12 no short plain statements demonstrating clearly what he seeks, other than one
13 trillion dollars, and why he believes he is entitled to such an astronomical sum of
14 money for events following his arrest for his refusal to show his driver's license upon
15 request by a law enforcement officer. One of his documents is styled "Verified
16 affidavit of material facts regarding fraud, color of law violations, <u>injury, trauma</u>, and
17 constitutional deprivations." He fails to specifically expand on what injury and
18 trauma he suffered during the traffic stop where he was asked for his driver's license.

19 Regardless, the notice of Removal comes too late and for that reason alone
20 warrants the Court striking it. Secondly, it is a rambling amalgam of quotes, legal
21 principles, case holdings offered in a vacuum without context or an explanation of
22 how the quoted language applies to the facts of this case. The Court notes this is
23 striking similar to pleadings offered by those calling themselves "sovereign citizens".
24 Those pleadings consume an inordinate amount of court time which could be
25 avoided by adherence to the "short plain" mandate of Rule 8. The pleadings at issue
26 here represent a clear violation of the General Rules of Pleading and on this
27 additional basis warrants the Court's striking the entire pleading.
28 The Court has already spent an inordinate amount of time trying to unscramble

and understand the various "pleadings" in this case, to no avail. The rule requiring short plain statements serves multiple purposes including the avoidance of unnecessarily taxing the court. See for example, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 ((2007.) Granted, Mr. Walker is litigating this matter pro se, which is his right. In no way does the Court hold him to a higher standard of clarity of written expression as one might expect from an attorney. He must, however, provide something more than vague and conclusory allegations. The defendants must be reasonable advised of the conduct they are called upon to defend.

## II.   DISCUSSION

"The United States District Court in which such notice [of removal] is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 8 USC § 455 (b)(4). As was noted at the outset, every complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). Where, as here, the plaintiff is *pro se*, courts "construe the pleadings liberally and afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (en banc)).

Simply because Mr. Walker is a pro se litigant does not mean he is exempt from the foregoing rules. Everyone who practices before the federal courts agrees to familiarize themselves with and follow the rules. Therefore, as is the case with attorneys, pro se litigants are bound by the correct rules of procedure. (*Kabbe v. Miller* (1990) 226 Cal.App.3d 93, 98; *Bistawros v. Greenberg* (1987) 189 Cal.App.3d 189, 193, [self-represented party "held to the same restrictive procedural rules as an attorney"]; *Nelson v. Gaunt* (1981) 125 Cal.App.3d 623, 638–639, [same].) Under the law, a party may choose to act as his or her own attorney. *(Paradise v. Nowlin* (1948) 86 Cal.App.2d 897, 898; *Gray v. Justice's* Court (1937) 18 Cal.App.2d 420, 423.)

"[S]uch a party is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys. [Citation.]" (*Barton v. New United Motor Manufacturing, Inc.* (1996) 43 Cal.App.4th 1200, 1210).

### III.   CONCLUSION

Even when one construes Mr. Walker's claims liberally, he fails to state a claim.  He seeks to remove the criminal proceedings from Riverside County Superior Court to federal court, under case number: 5:25-cr-00163-ODW without offering a valid legal justification entitling him to do so.

As noted earlier, his pleadings do not appear to state a claim under Rule 8 because, among other reasons, he fails to state the relief that he seeks, other than a dismissal, nor does he identify a federal statute or constitutional provision he claims to have been violated and which entitled him to relief.

Accordingly, the Court ORDERS that this action is DISMISSED with prejudice and remanded to the Superior Court of California, County of Riverside , Southwest Justice Center 30755 Auld Road-D  Murrieta, Ca. 92563.

 The Clerk of this Court is instructed to close this file.

**IT IS ORDERED**

DATE:  July 9, 2025

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**

7